NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0590n.06

Case No. 14-3583

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 19, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| HOLY LOVE MINISTRY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| UNITED STATES of AMERICA, *et al.*, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE: BATCHELDER and WHITE Circuit Judges; and COX, District Judge.[*]

**ALICE M. BATCHELDER, Circuit Judge.** The Federal Credit Union Act, 12 U.S.C. § 1751, established the National Credit Union Administration (NCUA) and set out the NCUA's powers and duties. In short, the NCUA operates as both a regulator for operating credit unions and as a conservator (or liquidating agent) for defunct credit unions.

In April 2010, the NCUA learned that the CEO of the St. Paul Croatian Credit Union had stolen over $100 million and fled. Plaintiff Holy Love Ministries had accounts at St. Paul with an aggregate balance of $1,752,148.82. The Holy Love officer who had set up those accounts was a member of the St. Paul Board of Directors and a former St. Paul CEO, and it was alleged (incorrectly, it turned out) that the FBI was investigating Holy Love and that officer.

The NCUA sent a case officer who took immediate but temporary control over St. Paul, and when Holy Love's officer attempted to withdraw Holy Love's accounts, the NCUA case

---

[*]The Honorable Sean F. Cox, United States District Judge for the Eastern District of Michigan, sitting by designation.

officer refused to permit the withdrawal. This refusal was a policy judgment made by the case officer, based on the information available at the time, and was aimed at stabilizing the situation and securing the apparently undercapitalized credit union for the benefit of all of its members. The next day, the NCUA determined that St. Paul was distressed and placed it into conservatorship. The NCUA conservator instituted a withdrawal limit of $5,000 per week and prepared for liquidation. Although the conservator considered some requests for exceptions to the withdrawal limit, he denied Holy Love's request.

When the NCUA liquidated St. Paul, it paid Holy Love $250,000, the amount that was federally insured, leaving an uninsured balance of $1,502,148.82. Following an administrative appeal, Holy Love sought review in federal court, which affirmed the NCUA and denied relief to Holy Love. *See Holy Love v. NCUA*, No. 1:11-cv-1256, 2013 WL 5604340 *4-5 (N.D. Ohio, Oct. 11, 2013).

In the current case, Holy Love sued the United States and the NCUA under the Federal Tort Claims Act (FTCA), claiming conversion, negligence, breach of fiduciary duty, breach of contract, and unjust enrichment. The defendants moved to dismiss pursuant to Rule 12(b)(1), claiming sovereign immunity under the FTCA's discretionary-function or misrepresentation exceptions. The district court granted the 12(b)(1) dismissal, finding that either or both exceptions apply. Holy Love appealed.

After carefully reviewing the record, the law, and the arguments on appeal, we conclude that the district court has correctly set out the applicable law and correctly applied that law to the facts in the record. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.